**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| DESSI RAE HUNT, ) | CASE NO. 1:21-CV-00075-DAR |
| ) | |
| ) | JUDGE DAVID A. RUIZ |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| COMMISSIONER OF SOCIAL ) | **MEMORANDUM OPINION AND ORDER** |
| SECURITY, ) | |
| ) | |
| Defendant. | |

**I. Introduction**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Darrell A. Clay. (R. 18).[1] Plaintiff Dessi Rae Hunt filed a Complaint (R. 1) challenging the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits (DIB). Magistrate Judge Clay's Report and Recommendation (R&R) recommends the Court reverse the Commissioner's decision and remand the matter for further proceedings. (R. 18).

"Within 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P 72(b)(2); *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). The Commissioner

---

[1] This case was referred to the magistrate judge pursuant to Local Rule 72.2.

has filed a timely objection to the R&R (R. 22), to which the Plaintiff has replied (R. 23).

For the following reasons, the Court sustains the Commissioner's objection to the R&R and affirms the underlying decision of the Commissioner.

## II. Standard of Review

The applicable standard of review of a magistrate judge's report and recommendation provides that when objections are made to a report and recommendation of a magistrate judge, the district court conducts a *de novo* review. Federal Rule of Civil Procedure 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

## III. Objection

Background, ALJ decision, R&R

At issue in this case is the ALJ's treatment of two opinions by Dr. James Rodio, M.D., the claimant's treating psychiatrist: (1) an *Off-Task/Absenteeism Questionnaire* and (2) *a Medical Statement Concerning Depression, Bipolar and Related Disorders*. (R. 12, PageID # 2317, 2321; R. 18, PageID # 2543). Each opinion was rendered on a so-called "checkbox" form in which the provider primarily checked boxes or letters associated with pre-printed text, but provided no meaningful explanation, and no reference to treatment records with objective findings from personal examination. (R. 12, PageID # 2317, 2321; R. 18, PageID # 2550).

The *Off-Task/Absenteeism Questionnaire* instructed the physician completing the form to confine any answers to "your assessment [of] his/her condition if she/he stops using alcohol/drugs." (R. 18, PageID # 2543; R. 12, PageID # 2317). Dr. Rodio checked a box that the claimant would be off-task 20% of the time and absent about 4 days per month. (*Id.*) In support of

2

these limitations, he checked a box with pre-printed text for "underlying mental or physical impairment(s) established by objective and clinical findings:" and wrote that the claimant "has mood swings resulting in poor attention." (*Id*.) He also check the box for "inability to concentrate, pay attention and/or focus on a sustained basis:" and indicated Ms. Hunt's "decision making is erratic." (*Id*.).

In the *Medical Statement*, Dr. Rodio noted that Ms. Hunt's PTSD diagnosis was why she was being treated. (R. 18, PageID # 2544; R. 12, PageID # 2321). He then circled pre-printed symptoms such as, *inter alia*, depressed mood, diminished interest in almost all activities and manic behavior. (*Id*.). Finally, he checked boxes indicating that the claimant has marked limitations in her (1) ability to understand, remember or apply information; (2) interact with others; and (3) concentrate, persist or maintain pace at tasks. (*Id*). He provided no written explanation, however.

The ALJ assigned "little weight" to these opinions. (R. 18, PageID # 2548, 2550; R. 12 PageID # 137). In a concise, single analytical paragraph discussing both of Dr. Rodio's two opinions the ALJ noted that his assignment of weight was because "Dr. Rodio did not set forth substantive explanations for his findings and he failed to address the claimant's drug use." (R. 12 PageID # 137; R. 18, PageID # 2550, quoting R. 12 PageID # 137, Tr. at 49).

The sole issue raised by Plaintiff arguing for the Court to reverse the Commissioner's decision denying her disability claim alleges "the ALJ's analysis of treating psychiatrist James Rodio, M.D.'s Off-Task/Absenteeism Questionnaire violated the treating physician rule." (R. 14, PageID# 2494).

In its analysis, the R&R initially notes that although the form of Dr. Rodio's opinions (the checkbox) may have been faulty, the form itself does not "absolve the ALJ of the requirement to

3

explain the weight given in a manner sufficient to make clear to Ms. Hunt the dispositions of her case and for the court to conduct meaningful review." (R. 18, PageID # 12550-51). Next, the R&R observed that while the two single-page checkbox forms, standing alone, do not provide "substantive support" for Dr. Rodio's conclusions as to Ms. Hunt's mental limitations, the form should have been read by the ALJ in the context of his treatment notes, then assigned weight and an explanation given. (*Id.*, at 2551-52).

For these reasons, the R&R recommended that the decision be reversed and the matter remanded. (*Id.*, at 2555).

Defendant's Objection to the R&R

The Commissioner's objection to the R&R contends that the Magistrate Judge erred by basing the R&R on the "legal assertion" that, even with a checkbox opinion, the ALJ is still required to explain the weight given to the opinion and then fully explain his findings. (R. 22, PageID # 2569).

Analysis

The Court has reviewed the pertinent records, parties briefing, and underlying decisions. Because the opinions in question are merely checkbox forms—lacking meaningful explanation supporting its conclusions—that fail to reference or incorporate the provider's records and objective findings to permit a reviewing party to provide a more thorough assessment of the opinion, the Court finds no error in the ALJ's decision discounting such opinions without providing additional "good reasons." The Sixth Circuit, in *Hall v. Commissioner of Social Security*, 148 Fed. Appx. 456 (6th Cir. 2005), re-stated the rule that is applicable when an ALJ does not give good reasons for rejecting the opinion of a treating source. First, *Hall* observed that the Court had "not yet defined the scope of the harmless error inquiry" in these situations, other than to say that

4

harmless error cannot mean only that the clamant has little chance of success. (*Id*. at 462). However, *Hall* then noted that the Sixth Circuit had previously identified certain circumstances where if an ALJ does not provide good reasons it "may not warrant reversal." (*Id*., citation omitted). First among these circumstances is "if a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it." (*Id*.).

In that regard, the Sixth Circuit has held that a checkbox physician opinion without explanation is "patently deficient." *Hernandez v. Commissioner of Social Security,* 644 Fed. Appx. 468, 475 (6th Cir. 2016, citation omitted). Indeed, a checkbox form may be inherently deficient even when the ALJ does not "expressly cite the unsupported checkbox form as a basis" for rejecting the opinion. *Gallagher v. Berryhill*, 2017 WL 2791106, at *9 (N.D. Ohio June 12, 2017, citing *Hernandez*) (Ruiz MJ) *adopted by Gallagher v. Berryhill*, 2017 WL 2791106, at *1 (N.D. Ohio June 27, 2017) (Oliver, Jr., J.). Therefore, as *Gallagher* concluded, any failure, as alleged here, by the ALJ to provide good reasons for rejecting the opinion contained in a patently deficient checkbox form is harmless error. (*Id*., citations omitted).[2] Because the Court finds the ALJ's discussion of the checkbox opinion harmless error, the only issue raised by Plaintiff challenging the Commissioner's denial of her disability claims lacks merit.

Plaintiff has presented no other challenge objecting to the ALJ's decision. Although not required due to the lack of additional objections, the Court has reviewed the underlying ALJ decision, finds it is supported by substantial evidence, and finds no basis to reverse and/or remand the Commissioner's final decision.

---

[2] In addition, to the degree that the ALJ also cited Dr. Rodio's failure to address the claimant's drug use as a reason for discounting his opinion, any factual error in this regard is also harmless for the reasons stated above.

### IV. Conclusion

As detailed above, the Court has carefully reviewed the Report and Recommendation in light of the pertinent standard of review and Defendant's Objection. The Court hereby sustains that Objection; and therefore, rejects the Magistrate Judge's Report and Recommendation (R. 18). The Commissioner's underlying decision is hereby AFFIRMED.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: September 29, 2022